**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROGER HART, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-09-3089 |
| | § | |
| KIRK E. KANADY, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Roger Hart's Motion to Remand [Doc. # 4], to which Kirk E. Kanady filed a Response [Doc. # 8], and Hart filed a Reply [Doc. # 10].[1]  Based on a careful review of the full record and the application of relevant, persuasive legal authorities, the Court concludes that it lacks federal subject matter jurisdiction over this dispute.  As a result, the Motion to Remand is **granted**.

## **I.  BACKGROUND**

Roger Hart was a party to a divorce proceeding in Texas state court that resulted in the entry of a Final Decree of Divorce on July 25, 2008.  In connection with the divorce proceeding, the Texas state court issued a "Qualified Domestic Relations

---

[1] The caption "Roger Hart, Plaintiff, v. Kirk Kanady, Defendant" was taken from the Notice of Removal.  The pleading that was the subject of the Notice of Removal, however, was a "Motion for Enforcement of QDRO and Order to Appear" filed by Roger Hart in a divorce proceeding captioned "Noushin Izadifar v. Roger Hart."  As a result, the Court in this Memorandum and Order will use proper names rather than party designations.

Order ["QDRO"] (Agreed)."  When Kanady, the Plan Administrator for the Greater Houston Radiation Oncology, P.A. Profit Sharing Plan (the "Plan"), declined to comply with the state court order, Hart filed a "Motion for Enforcement of QDRO and Order to Appear," asking the state divorce court to find that the Plan was in contempt of the QDRO entered by the state court.  The motion was filed in the divorce proceeding and bears the divorce case caption.

Kanady filed a Notice of Removal, asserting federal question jurisdiction under the Employee Retirement Income Security Act ("ERISA").[2]  Hart moved to remand.  The Motion to Remand has been fully briefed and is ripe for decision.

## II.    REMOVAL JURISDICTION

The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction.  *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Generally, "any ***civil action*** brought in State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants."  28 U.S.C. § 1441(a) (emphasis added).  District courts have "original [federal question] jurisdiction of all ***civil actions*** arising

---

[2]   Kanady concedes that Hart's state court proceeding is not completely preempted by ERISA, but argues that the Court has concurrent jurisdiction with the state court.  Whether or not the Court would have subject matter jurisdiction under ERISA for a lawsuit challenging an ERISA plan administrator's determination that a state court order was not a QDRO, the state court proceeding is not a "civil action" that is removable to federal court as explained below.

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Proceedings that are "supplemental, ancillary, or incidental to an original state court action are not removable to federal court." *See, e.g., Zahn v. First Union Commercial Corp.*, 2004 WL 2195575, *2 (E.D. La. Sept. 24, 2004) (citing *Coeur D'Alene Ry. & Nav. Co. v. Spalding*, 93 F. 280, 286 (9th Cir. 1899); *Int'l Org. Masters, Mates and Pilots of America, Local No. 2 v. Int'l Org. Masters, Mates and Pilots of America, Inc.,* 342 F.Supp. 212, 214 (E.D. Pa. 1972); CHARLES ALAN WRIGHT, 14B FEDERAL PRACTICE AND PROCEDURE § 3721 (3d ed.1998)). Specifically, a proceeding to enforce or execute an order obtained in state court is "entirely ancillary to, and dependent upon, the original suit" and is not removable. *See id.* Similarly, a state court motion for contempt is not removable. *See Asher v. A.G. Edwards & Sons, Inc.*, 272 F. App'x 357, 358 (5th Cir. Apr. 2, 2008) (reversing district court's denial of motion to remand and remanding with instructions to remand case to state court).

     In this case, Hart in his state court motion, filed in a state court divorce proceeding, seeks enforcement of a state court order. Kanady is not named as a party in the divorce proceeding or in the motion that he removed to federal court. The Court lacks jurisdiction because the motion is not a "civil action" for purposes of removal under § 1441(a) and because a state court motion for contempt is not removable. *See*

...

*id.*; *see also Scales v. General Motors Corp. Pension Adm'r*, 275 F. Supp. 2d 871, 875 (E.D. Mich. 2003) (holding that a motion filed in a divorce case was not removable because it did not constitute a "civil action" as required by 28 U.S.C. § 1441(a)); *Matter of Marriage of Smith*, 549 F. Supp. 761, 764 (W.D. Tex. 1982) (holding that federal court has no jurisdiction over motion for contempt in a divorce proceeding because it has no original jurisdiction over the underlying divorce proceeding); *Puckett v. Puckett*, 2008 WL 755886, *3 (S.D. Ohio Mar. 19, 2008) (holding that the court lacked jurisdiction under ERISA to consider a motion to enforce pension distributions that was filed in a domestic relations proceeding).

### III. CONCLUSION AND ORDER

Hart's motion in state court seeks enforcement of a state court order entered in a divorce proceeding. The motion is not a "civil action" removable under § 1441 and is a non-removable state court contempt motion. As a result, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331, and it is hereby

**ORDERED** that Roger Hart's Motion to Remand [Doc. # 4] is **GRANTED**. By separate order, the Court will remand the case to state court for lack of subject matter jurisdiction.

SIGNED at Houston, Texas, this 17th day of **November, 2009**.

*[signature: Nancy F. Atlas]*

Nancy F. Atlas
United States District Judge